NESBITT, Senior Judge.
Plaintiff below, Erva Martinez, appeals the final judgment entered after a jury verdict in defendants’ favor in this auto collision case. Martinez claims that the trial court’s erroneous exclusion of her statement made at the scene of the accident, as well as the trial court’s erroneous admission of an exhibit supporting defendants’ version of the accident, requires our reversal and remand for new trial. Defendants cross appeal, claiming the admission of plaintiffs expert testimony on the claimed seat belt defense was erroneous. We reverse the order under review and affirm the issue on cross appeal.
Erva Martinez, driving a Buick, was following her daughter, Mayline Perez, who was driving a Honda, when Martinez collided with Dariel Vega, who was driving a furniture truck. Martinez and Perez were traveling east on Southwest 120 Street and were trying to turn north onto Southwest 122 Avenue when the collision occurred. Vega was driving west on Southwest 120 Street. Perez turned her vehicle safely in front of Vega’s truck. As Martinez tried to turn to follow her daughter through the *1269 intersection, her car and the furniture truck collided.
According to Martinez, she was making a protected left turn while traffic in her lane was controlled by a green arrow. It was Vega’s position that the green arrow was not working for cars going in the direction of Martinez’s car and that Martinez failed to yield the right of way when she turned left in front Vega’s truck. Perez confirmed her mother’s version of the facts.
Martinez also presented the testimony of a Dade County engineer, Robert Williams, P.E., who testified the lights were working properly that day. According to Williams, the green arrows are displayed for between five and six seconds after which the east-west arrows display yellow for three seconds. According to Martinez’s accident reconstruction expert, Miles Moss, Vega would have seen Martinez enter the intersection and should have yielded.
According to Vega, he had a green light. After the collision he ran over to Martinez’s car and the only thing she was saying was that they [Vega and his passenger] had “run the light.” The court sustained Vega’s counsel’s objection to that testimony on the ground it amounted to “lay opinion.”
Domingo Vega, the passenger in the truck and Dariel Vega’s brother, testified consistently with his brother’s version of the accident. The officer who came to the scene said he believed the left arrows were not operable after rush hour. Here the accident happened between 10:30 am and 11:00 am. A second officer testified that he watched the signal for forty five minutes after he arrived and he never saw the green arrow illuminate. Vega’s expert testified that if another witness’s guess was correct as to how long he sat at the red light that day, Martinez could not have had a green light.
The parties, each using an expert, also disagreed as to whether Martinez was wearing her seat belt at the time of the crash. The plaintiff testified that she was wearing her seat belt. The defendant contended that plaintiffs broken foot was inconsistent with her use of a seat belt.
Vega’s expert prepared a video simulation of the event. Claiming surprise, Martinez’s counsel objected. That motion was sustained. Defendant put into evidence an exhibit which showed stills excerpted from the excluded video tape. Over Martinez’s objection that the exhibit was cumulative, not necessary, and previously excluded, the exhibit was introduced into evidence. Thereafter, the jury returned its verdict finding no negligence on the part of Vega.
As to Martinez’s claim that the trial court erred in excluding her statement made immediately after the accident, we agree. Section 90.803 Florida Statutes (1999) provides in part:
The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
(2) Excited utterance. — A statement or excited utterance relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.
Section 90.701 Florida Statutes (1999) provides:
Opinion testimony of lay witnesses. — If a witness is not testifying as an expert, the witness’s testimony about what he or she perceived may be in the form of inference and opinion when:
(1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or opinions and the witness’s use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and
*1270 (2) The opinions and inferences do not require a special knowledge, skill, experience, or training.
Further, as section 90.703 Florida Statutes (1999) provides:
Opinion on ultimate issue. — Testimony-in the form of an opinion or inference otherwise admissible is not objectionable because it includes an ultimate issue to be decided by the trier of fact.
Martinez’s statement at the scene that Vega had run the light should have been admitted and it was not rendered inadmissible as “lay opinion” going to an ultimate issue.
Section 59.041 Florida Statutes (1999)provides:
Harmless error; effect. — No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.
With such a hotly disputed point at issue, we conclude that the error complained of resulted in a miscarriage of justice. Because the case will be remanded on the basis of this evidentiary ruling we need not consider the claim of surprise in the computer re-enactment.
As to the issue on cross appeal, Vega and Bush Leasing argue that the testimony of Martinez’s expert, who claimed that the evidence indicated Martinez was wearing a seat belt, should not have been admitted. Defendants claim that the expert’s testimony in this regard was beyond the expert’s area of expertise. They point to the fact that Moss was not a medical expert and they argue that Moss’s position as an accident reconstruction expert did not provide him with the expertise to render an opinion as to the mechanics of Martinez’s injury. We affirm the trial court’s ruling permitting the testimony. The opinion given was not objectionable merely because it was given by a skilled accident reconstruction expert rather than a physician. The questions Moss answered related to physics and Vega’s objection, claiming Martinez was asking for a medical opinion, was properly overruled.
Accordingly, the order under review is reversed and the cause is remanded for new trial.